IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FREDERICK PENNINGTON, JR.                                                    PETITIONER
ADC # 071305
V.                                    CASE NO.  5:19-CV-00067-SWW-JTK

WENDY KELLEY, Director                                                      RESPONDENT
Arkansas Department of Correction

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

<u>DISPOSITION</u>

For the reasons explained below, it is recommended Petitioner's Petition for Writ of Habeas Corpus (DE # 2) be DENIED and DISMISSED with prejudice. Furthermore, Petitioner's Motion to Amend Petition for Writ of Habeas Corpus (DE # 11), Motion for Copies (DE # 13), Motion to Dismiss all Charges and Stop Prosecution of Petitioner (DE # 14), Motion to Appoint Counsel (DE # 17), Motion for Discovery (DE # 18), Motion for Federal Bureau of Investigation (DE # 26), and Motion to Submit Information and Correct the Record (DE # 33) should be DENIED as moot.

Procedural History

In 1978, when Petitioner was a minor, he entered a negotiated plea of guilty in three separate cases in Pulaski County Circuit Court (Case Nos. 60CR-77-1933, 60CR-77-1934, and 60CR-77-1939). (DE # 16-2, 16-3, and 16-4) He plead guilty to first-degree murder, first-degree battery, and four counts of aggravated robbery, and was sentenced to life imprisonment. The sentencing orders entered all referred to Petitioner's parole eligibility after serving one-third of his life sentences. *Id.* In 2014, the Arkansas Supreme Court granted Petitioner's petition for writ of habeas corpus holding that parole eligibility was not authorized by statutes in effect at the time Petitioner committed first-degree murder and aggravated robbery; therefore, the commitment orders were facially invalid, and he should be resentenced. *Pennington v. Hobbs*, 2014 Ark 441. The circuit court reduced Petitioner's sentences for the four counts of aggravated robbery to 50 years' imprisonment for each conviction and 20 years' imprisonment with an additional 30 years' suspended imposition of sentence for first-degree murder. (DE 16-5 pgs. 234-235) Furthermore, the circuit court ordered the sentence in 60CR-77-1933 consecutive to the sentences in 60CR-77-1934 and 60CR-77-1939. *Id.* The two aggravated robbery sentences in 60CR-77-1939 were run concurrent to each other and concurrent with the aggravated robbery sentence in 60CR-77-1934. *Id.* Therefore, Petitioner's aggregate sentence was modified to 70 years' imprisonment.

Petitioner appealed his new sentences to the Arkansas Supreme Court, arguing that the circuit court lacked the authority to order that the sentences in one of the cases run consecutively to the sentences in the other two cases. *Pennington v. State*, 2017 Ark. 305. The court rejected the argument and held that the circuit court did not exceed its jurisdiction in imposing Petitioner's sentence because the trial court was permitted to impose any punishment available in 1978, which

included running sentences consecutively. *Id.* at 4. A rehearing of the Arkansas Supreme Court's decision was denied on January 4, 2018.

Subsequently, Petitioner filed a myriad of various pleadings in the circuit court, including, but not limited to, a Motion to Withdraw Guilty Plea, Motion for Designation of Records, Motion for Amended and Supplemental Pleadings, another Petition for Writ of Habeas Corpus, and Motion to Correct Illegal Sentence. The circuit court denied the various pleadings as untimely or not cognizable. (DE # 16-10 pgs. 207-210) Petitioner appealed the order to the Arkansas Supreme Court, but it was denied on March 14, 2019, for failure to file a timely brief. (DE # 16-11)

Petitioner had a parole hearing on August 18, 2016, and the board unanimously recommended that Petitioner be denied parole for two years. (DE # 16-12 pgs. 7-8) Petitioner appealed the decision, but the board denied his request for reconsideration. *Id.* at 16-17. Another parole hearing was held on August 16, 2018, and the board again unanimously voted that Petitioner be denied parole for two years. *Id.* at 28-29. Petitioner's request for reconsideration was once again denied. *Id.* at 37. Subsequently, Petitioner filed a lawsuit in Pulaski County Circuit Court against the Chairman of the Arkansas Board of Parole, which was dismissed because the Chairman is immune from suit for damages while performing his official duties. *See* Pulaski County Circuit Court Case No. 60CV-18-7625.

On February 8, 2019, Petitioner filed this pro se petition for writ of habeas corpus. Construing the petition liberally, the Court has done its best to summarize the Petitioner's claims. The Petitioner makes several allegations concerning his original conviction, the resentencing, and the parole process within his twenty-one (21) page handwritten petition; however, to the best of its ability, the Court construes his claims to be as follows: (1) he is actually innocent of aggravated

robbery and first-degree murder in Case No. 60CR-77-1933; (2) his counsel was ineffective after

his resentencing for not raising an actual innocence claim on appeal; and (3) he is entitled to have

his sentence reviewed once a year, and he is entitled to "immediate release." (DE # 2) Respondent

filed her response on April 15, 2019, arguing that Petitioner is not entitled to habeas corpus relief

because his claims are not cognizable in federal habeas and are procedurally defaulted. For the

reasons set forth below, it is recommended that Petitioner's claims be dismissed, and his habeas

petition be denied with prejudice.

<u>Discussion</u>

A. <u>Non-Cognizable Claims</u>

    *1. Actual Innocence*

Petitioner asserts a free-standing actual innocence claim in his first claim for habeas relief.

The United States Supreme Court has made clear on many occasions that the purpose of habeas

review is not to weigh the evidence or review a petitioner's innocence or guilt, but to ensure that

his or her constitutional rights have been preserved. *Herrera v. Collins*, 506 U.S. 390, 400-401

(1993). "This rule is grounded in the principle that federal courts sit to ensure that individuals are

not imprisoned in violation of the Constitution-not to correct errors of fact." *Id.* at 400. Petitioner

asserts a free-standing innocence claim with no independent constitutional violation; therefore,

in accordance with well-established United States Supreme Court precedent, this claim is not

cognizable in federal habeas. Additionally, the Petitioner's claims regarding lack of physical

evidence and lack of eye witness identification are waived by his unconditional guilty plea, which

he is not challenging. *See Becker v. State of Nebraska*, 435 F. 2d 157 (8th Cir. 1970) (holding that

a voluntary plea of guilty constitutes a waiver of all non-jurisdictional defects). A challenge to the

sufficiency of the evidence is clearly non-jurisdiction in nature, and therefore, waived by Petitioner's guilty plea.

### 2. Parole Eligibility

In Petitioner's third claim he asserts that he is entitled to "immediate release" on parole. A federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241; *Rose v. Hodges,* 423 U.S. 19, 21 (1975) (*per curiam*). If the Petitioner's claims do not allege he is in custody in violation of the Constitution or federal law, this Court cannot decide the claims, and they must be dismissed. Therefore, Petitioner must show that he has a liberty interest in being paroled for this claim to be cognizable. The United States Supreme Court has held that "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011).  This Court has also stated that "an inmate has no liberty interest in the possibility of parole."  *Roberts v. Hobbs*, 2014 WL 1345341 at 2.  States may create a liberty interest in parole; however, the State of Arkansas has not.  The Arkansas Supreme Court has consistently held there is "no constitutional right or entitlement to parole that would invoke due-process protection." *Carroll v. Hobbs*, 2014 Ark. 395 at 3.   Accordingly, Petitioner's parole eligibility claim must be dismissed as it is not cognizable in federal habeas.

### B.  Procedural Default

Before seeking federal habeas review, a state prisoner must fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. § 2254(b) and (c). A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause or prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims."

Petitioner filed a Rule 37 petition in trial court on May 11, 2018. (DE # 16-10 pgs. 171-185.) In his post-conviction relief petition he alleged that his conviction should be vacated and indictment dismissed because he did not have a juvenile-transfer hearing. *Id*. at 157-165. The petition for post-conviction relief was untimely and did not raise the ineffective assistance of counsel claim that he now raises in his habeas petition. Petitioner's claim, therefore, that his counsel was ineffective after his resentencing for not raising an actual innocence claim on appeal is procedurally defaulted.

"[A] state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004). "'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule.'" *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). There is no "'exhaustive catalog of [the] objective impediments,'" nor have "the precise contours of the cause requirement been clearly defined." *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir. 1999) (quoting *Murray*, 477 U.S. at 488). "At a minimum, however, [Petitioner] must show that 'something external to [him], something that cannot be fairly attributed to him,' caused the procedural default." *Id.* (quoting *Coleman*, 501 U.S. at 753). Moreover, a petitioner's pro se status, lack of education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently external to constitute cause excusing a procedural default. *Sherron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995); *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988). Petitioner has not established cause for the default or actual prejudice because of the alleged violations of federal law, or alleged facts showing a fundamental miscarriage of justice.

Petitioner does make mention of *Martinez v. Ryan*, in his petition; however it does not apply in this case. 566 U.S. 1 (2012). Under *Martinez,* Petitioner may establish cause to excuse default of his ineffective assistance of counsel claims because he lacked appointed counsel during the initial-review collateral process. This exception only applies to ineffective assistance of trial

counsel claims, and it is not extended to ineffective assistance of appellate counsel claims.  *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014).   Petitioner argues that his appellate counsel was ineffective for failing to raise his actual innocence claim to the Arkansas Supreme Court following his resentencing, and therefore, his procedural default is not excused by *Martinez*.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

## Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE #2) be denied and dismissed with prejudice and that a certificate of appealability be denied. Furthermore, Petitioner's Motion to Amend Petition for Writ of Habeas Corpus (DE # 11), Motion for Copies (DE # 13), Motion to Dismiss all Charges and Stop Prosecution of Petitioner (DE # 14), Motion to Appoint Counsel (DE # 17), Motion for Discovery (DE # 18), Motion for Federal Bureau of Investigation (DE # 26), and Motion to Submit Information and Correct the Record (DE # 33) should be DENIED as moot.

SO ORDERED this 12th day of August, 2019.

_____
UNITED STATES MAGISTRATE JUDGE